1  AARON D. FORD
     Attorney General
2  ALEXANDER J. SMITH (Bar No. 15484C)
     Deputy Attorney General
3  State of Nevada
   Office of the Attorney General
4  555 East Washington Avenue
   Suite 3900
5  Las Vegas, Nevada  89101
   (702) 486-4070 (phone)
6  (702) 486-3773 (fax)
   Email:  ajsmith@ag.nv.gov
7
   *Attorneys for Defendants*
8  *William Glass, Dwight Neven,*
   *David Molnar, and Quentin Byrne*
9

10              **UNITED STATES DISTRICT COURT**

11                 **DISTRICT OF NEVADA**

12  MICHAEL McNEIL,                          Case No. 2:18-cv-01594-RFB-BNW

13              Plaintiff,              **NOTICE—IN ADVANCE OF THE
                                        OCTOBER 12, 2021 HEARING ON
14   v.                                 PLAINTIFF'S MOTION TO COMPEL
                                        THE PRODUCTION OF
15  DAVE MOLNAR, *et al.*,              DOCUMENTS—THAT DEFENDANTS
                                        HAVE DISPATCHED TO PLAINTIFF
16              Defendants.             THE BELOW STIPULATION TO
                                        EXTEND THE DISCOVERY CUTOFF
17                                      DEADLINE AND THE DISPOSITIVE
                                        MOTIONS DEADLINE**
18

19        Defendants, William Glass, Dwight Neven, David Molnar, and Quentin Byrne, by

20  and through counsel, Aaron D. Ford, Attorney General of the State of Nevada, and

21  Alexander J. Smith, Deputy Attorney General of the State of Nevada, Office of the Attorney

22  General, hereby inform the court in advance of tomorrow's motion to compel discovery

23  hearing that for the reasons outlined below, Defendants have dispatched to Plaintiff

24  Michael McNeil the below stipulation to extend the discovery cutoff deadline and the

25  dispositive motions deadline. Also, the stipulation provides the court with further

26  information on McNeil's motion to compel and Defendants' response.

27  ***********************************************************************************

28

1
2

**JOINT STIPULATION AND (PROPOSED) ORDER TO EXTEND THE DISCOVERY CUTOFF DEADLINE AND THE DISPOSITIVE MOTIONS DEADLINE**

3

**[FIRST REQUEST]**

4  Defendants, William Glass, Dwight Neven, David Molnar, and Quentin Byrne, by

5  and through counsel, Aaron D. Ford, Attorney General of the State of Nevada, and

6  Alexander J. Smith, Deputy Attorney General of the State of Nevada, Office of the Attorney

7  General, hereby stipulate and request an order to extend the discovery cutoff deadline by

8  sixty-days and to extend the dispositive motions deadline accordingly. ECF No. 43 states

9  that "[d]iscovery will close on 10/21/2021; dispositive motions are due 11/22/2021; and the

10  joint pretrial order is due 12/22/2021[.]"

11  The parties are mindful that they must demonstrate good cause for an extension of

12  the discovery deadline and that all stipulations to extend must generally be received by the

13  court no later than twenty-one days prior to the date fixed for completion of discovery.

14  However, due to a number of factors, this has not been possible, but the parties, particularly

15  Defendants, believe they can demonstrate excusable neglect and why a sixty-day extension

16  of the discovery deadline is warranted. The parties therefore request a sixty-day extension

17  of the discovery deadline from October 21, 2021, to December 21, 2021.

18  On September 8, 2021, Attorney Smith spoke on the telephone with Plaintiff Michael

19  McNeil, who was very polite, amicable, and understanding. Attorney Smith explained that

20  because of the manner in which McNeil had worded his discovery requests, Defendants

21  have had difficulty deciphering some of their contents, and relevant documents and

22  requested feedback is taking longer than usual to obtain. Also, McNeil included multiple

23  requests within the same documents, which has further compounded difficulties. However,

24  Defendants wish to work with McNeil.

25  At that time, Attorney Smith informed McNeil that he planned—in good faith—to

26  dispatch documents to him by the end of the following week, but they would contain

27  objections because of the way in which the requests are worded. In an attempt to come to

28  an amicable solution, Attorney Smith asked McNeil whether he would consider agreeing to

1   stipulate to a sixty-day extension of discovery and the dispositive motions deadline, which

2   would give McNeil additional time to conduct further discovery and object to any of the

3   Defendants' objections.

4         On September 13, 2021, Defendants responded to McNeil's August 30, 2021 motion

5   (ECF No. 45) to compel the production of documents; they informed the court that following

6   the September 8, 2021 meet-and-confer, the parties had resolved the discovery dispute at

7   issue. Several weeks later, Attorney Smith again contacted McNeil to explain the delay and

8   to state that he would dispatch to him a stipulation to extend the discovery cutoff; also, the

9   former suggested to McNeil that the issue could be raised and requested orally at the

10  forthcoming motion to compel hearing.

11        Just recently, the Office of the Attorney General (OAG) has lost many attorneys,

12  including both senior members of staff—team leaders—in the Las Vegas Office, and over

13  half a dozen attorney vacancies require filling. Recruitment is still ongoing. The Public

14  Safety Division of OAD had spent over two-months transitioning to a "team model,"

15  meaning that instead of each Deputy Attorney General (DAG) having primary

16  responsibility for his or her own cases, each DAG was organized into a specific team and

17  had tasks assigned. Thus, attorneys and others had to familiarize themselves with many

18  new cases and attend hearings at short notice, which involved last-minute preparation.

19        In August alone, straight after he sat for the Nevada Bar Exam, Attorney Smith

20  billed 275 hours, and that decreased slightly in September to just over 240 hours. Attorney

21  Smith's team lost several members and thus the workload kept increasing. Finally, because

22  the seniors—the team leaders—quit at short notice, the Division has had to transition away

23  from the team model to reallocating a large number of individual cases to attorneys, which

24  has necessitated many DAGs receiving in excess of twenty-five new cases in addition to

25  those  with which they already have familiarity, and many of these have involved various

26  counsel having to deal with last-minute discovery and dispositive motions deadlines that

27  require counsel moving for extensions. Again, until the staffing issue is sorted, DAGs in

28  this Division are working long and hard to deal with the increased workload and backlog.

1        The reversion from the team to the individual case responsibility method has meant

2    that for several weeks the individual calendars have been in disarray, with individual

3    DAGs sometimes having to decipher three or four separate calendars to check their newly

4    assigned cases and responsibilities. Inevitably, this has resulted in duplicative efforts and

5    some other events falling through the cracks.

6        Also, both paralegals in the Las Vegas office have taken time off for surgery, and

7    because of the team method, responsibility for discovery in over 800 separate cases has

8    shifted back and forth with different support staff working on different aspects of the same

9    case. Ensuing communication difficulties have made discovery extra hard. Attorney Smith

10   has worked diligently to ascertain the status of McNeil's discovery requests and just this

11   afternoon received a communication from his paralegal—who returned from sick leave

12   today—about the above in which she informs Defendants that OAG received discovery

13   requests on or around July 29, 2021; they were quite voluminous and untimely.

14       On August 1, 2021, before Attorney Smith returned from study leave, Senior Deputy

15   Attorney General Katlyn M. Brady, one of the seniors who recently terminated her

16   employment with OAG and who covered this case in Attorney Smith's absence, indicated

17   to the relevant paralegal that she wished to extend discovery in this action. Outside of that,

18   Attorney Brady apparently requested some witness information because an affidavit was

19   filed with two inmates purportedly vouching for McNeil's allegations of what occurred in

20   the incident in question in this lawsuit. Again, because of the transition to the team model,

21   staff illness, a severe shortage of attorneys in the Division, the continual reallocation of

22   cases and assignments, and the abrupt departure of both team leaders, uncertainty has

23   reigned and remaining attorneys are dealing with a higher caseload—under greater time

24   pressure and without the supervision of senior attorneys—than usual.

25       What the parties propose—in order to alleviate McNeil's understandable worry

26   about having enough time to respond to discovery, to object, and to request further

27   discovery—is an extension of the discovery cutoff date in order for Defendants to locate the

28   information that McNeil requests. Also, this stipulation informs the court as to the

1   circumstances why the parties failed to stipulate to an extension sooner than today—and

2   on the eve of McNeil's motion to compel hearing, and the above describes why McNeil's

3   requests have not been forthcoming.

4       Defendants admit that OAG's staffing problems are not the responsibility and fault

5   of either the court or McNeil, but the staff shortage, recent departures, and the change

6   from one method of work to a team model then back has had a very real impact on the huge

7   number of cases—some 800 plus—that a small number of attorneys must deal with.

8   Everyone in the Division works overtime in order to catch up with the backlog.

9       McNeil's discovery requests contain several deficiencies, but as the parties discussed

10  on the telephone, Defendants are prepared to work with McNeil to iron out these problems

11  to avoid judicial intervention. Defendants thus assert that they demonstrate excusable

12  neglect for failing to dispatch a stipulation to McNeil earlier than today and have valid

13  reasons for why McNeil's requests are taking much longer to obtain than expected.

14      Finally, because the parties' ability to conduct discovery is still hampered

15  significantly by difficulties stemming from COVID-related restrictions and personnel

16  reductions at the Nevada Department of Corrections, and the parties' mutual agreement

17  that neither will be prejudiced by the granting of such an extension, the parties believe

18  firmly that good cause exists for the granting of the requests outlined above. They continue

19  to diligently prosecute and defend this action, respectively, and believe it that the interests

20  of justice warrant judicial approval of this stipulation to extend the discovery cutoff

21  deadline by sixty days.

22  **I.    Discovery Completed**

23      LR 26-3(a) requires the parties to provide "[a] statement specifying the discovery

24  completed." McNeil's motion (ECF No. 45) to compel succinctly outlines the discovery

25  requests that he has served on Defendants. (ECF No. 45 at 1–2) As is evident therein, and

26  backing up what is outlined above, several different attorneys and paralegals have handled

27  discovery in this action; because the upheaval of both office changes and staff departures

28  necessitates urgent reallocation of cases, problems have occurred.

1    Also, as is common in many inmate-litigation cases, and due to the unique nature of

2  a tightly controlled custodial environment, Defendants have access to all the discovery they

3  need and do not anticipate serving any requests on McNeil. As McNeil notes, his time is

4  being eaten up due to the delays (ECF No. 45 at 2–3), and therefore all parties agree that

5  an extension is warranted.

6  **II.    Discovery Remaining**

7    LR 26-3(b) requires the parties to provide "[a] specific description of the discovery

8  that remains to be completed." As explained above, because of a perfect storm of attorney

9  resignations, staff sickness, the nature of McNeil's requests, and a second recent re-

10  organization of work practices at OAG, McNeil's discovery requests remain pending, but

11  Defendants are working in good faith to respond to those and to work with McNeil in

12  obtaining for him any further discovery that he requests.

13  **III.    Reason for Requested Extension**

14    LR 26-3(c) requires to the parties to explain "[t]he reasons why the deadline was not

15  satisfied or the remaining discovery was not completed within the time limits set by the

16  discovery plan." See above; the reasons are outlined in great depth.

17  **IV.    Proposed Extension of the Scheduling Order Deadline**

18    With judicial approval, the parties jointly propose extending the discovery cutoff

19  date from October 21, 2021, to December 21, 2021, with dispositive motions due no later

20  than January 20, 2022.

21  /././

22  /././

23  /././

24  /././

25  /././

26  /././

27  /././

28  /././

1    In consideration of the above, good cause exists for the parties' requested extension,

2    which is not for purposes of delay.

3    DATED this _____ day of October, 2021          DATED this 11th day of October, 2021

4

5                                                    AARON D. FORD
                                                     Attorney General
6

7    By:_____          By: /s/ Alexander J. Smith
        MICHAEL MCNEIL, #65311                          ALEXANDER SMITH (Bar No. 15484C)
8       Plaintiff, *Pro Se*                             Deputy Attorney General
                                                        *Attorneys for Defendants*
9

10                                                   IT IS SO ORDERED.

11

12                                                   _____
                                                     UNITED STATES MAGISTRATE JUDGE
13

14
                                                            October 12, 2021
15                                                   DATED: _____

16

17

18   *****************************************************************************

19       DATED this 11th day of October, 2021.

20                                                   AARON D. FORD
                                                     Attorney General
21
                                                     By: /s/ Alexander J. Smith
22                                                       ALEXANDER J. SMITH (Bar No. 15484C)
                                                         Deputy Attorney General
23                                                       *Attorneys for Defendants*

24

25

26

27

28

## CERTIFICATE OF SERVICE

1

2       I certify that I am an employee of the State of Nevada, Office of the Attorney General,

3  and that on October 11, 2021, I electronically filed the above **NOTICE—IN ADVANCE**

4  **OF THE OCTOBER 12, 2021 HEARING ON PLAINTIFF'S MOTION TO COMPEL**

5  **THE   PRODUCTION   OF   DOCUMENTS—THAT   DEFENDANTS   HAVE**

6  **DISPATCHED TO PLAINTIFF THE BELOW STIPULATION TO EXTEND THE**

7  **DISCOVERY  CUTOFF  DEADLINE  AND  THE  DISPOSITIVE  MOTIONS**

8  **DEADLINE** via the court's electronic filing system. Parties who are registered with the

9  court's electronic filing system will be served electronically. Also, because of the urgent

10 nature of this filing, Defendants will also attempt to serve on McNeil—via either his

11 caseworker or a member of the Warden's Office—a copy of this filing before tomorrow's

12 motion to compel hearing.

13      Michael McNeil, #65311
        Ely State Prison
14      P.O. Box 1989
        Ely, Nevada 89301
15      Email: ESP_LawLibrary@doc.nv.gov
        *Plaintiff, Pro Se*
16

17                                      /s/ Natasha D. Petty
                                        NATASHA D. PETTY, an employee of the
18                                      Office of the Nevada Attorney General

19

20

21

22

23

24

25

26

27

28