Michael McNeil #65311
ESP-6B-31-A
P.O. Box 1989
Ely, NV 89301

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Michael McNeil,
    Plaintiff,

v.

Dave Molnar, et al.,
    Defendant(s)

Case No. 2:18-cv-01594-RFB-BNW

MOTION TO COMPEL DISCOVERY REQUEST

Plaintiff, Michael McNeil, pro se, moves this court for an Order Pursuant to Rule 37(a) of the Federal Rules of Civil Procedure compelling the following Defendants, Dwight Neven, Quentin Byrnes, Dave Molnar, and William Glass, to produce for inspection and copying the following Documents; "all documents tangible in Relations to OIC #402605/Appeal Procedure, grievance No. 2006-30-16492, Direct and indirect communications with investigators, Subordinates, supervisors, and any members of the I.G.'s office, all documents of evidence produced from the investigation through the I.G.'s Office that was used and not used as evidence towards Plaintiff's OIC #402605, any and all emails, text messages, electronics or handwriting indicies, memorandums, interdepartment correspondence, Investigative Files, cronologs or any electronically stored data Relating to OIC #402605".

The Defendants cited numerous excuses as to why they

(PAGE 1 of 5)

1  objected to Plaintiff's Discovery Request such as Defendants Being
2  "Former Employees" "Relevance" "Confidentiality" "Priviledge" and Request
3  Being "Overly Broad and Unduly Burdensome".
4      In Reality in Regards to Plaintiff's Production of Document Request,
5  Defendants have not produce much of anything But a Bunch of objections
6  that the Plaintiff Received two weeks to the Discovery deadline.
7  Defendants are clearly attempting to impede Plaintiffs process in
8  marshalling Facts.
9
10  B) Defendants Fail to Produce Evidence Based on
11      Being "Former Employees"
12
13      Defendants Dwight Neven, Quentin Byrne and David
14  Molnar all Claim to not Be in possession Based on Being Former
15  Employees and "does not Have access to any information Related to
16  OIC 402605 or grievance 2006-30-16492"
17      However Defendants are still Represented By the State of
18  Nevada, so This Defense is Baseless and goes without merit. There
19  Attorney also Represents several other NDOC employees including High
20  Ranking Prison officials, so Access to OIC 402605 and such is not
21  a Request that is impossible. Especially since this Entire lawsuit
22  is surrounding Plaintiff's Disciplinary guilty Finding (OIC #402605)
23
24  C) Defendants Fail to Produce Evidence Base on
25      "Relevance"
26
27      Federal Rules of Civil Procedure Rule 26(b)(1) Holds that
28      (Page 2 of 5)

1. Partys have a legal right to anything which is in anyway "Relevant"
2. to any partys claim or defense. This includes anything relevant to
3. any defense offered by the Defense as well.
4.        In set two of Q. Byrne's Responses Defendant claims
5. that "Copies of any correspondence between you [the Defendant], defendant
6. Molnar and the I.G.'s office between December 1st 2015 to January
7. 31st 2016 relating directly to Jamal Harris #1125934, Jesus Echavarria
8. #1117998 and Plaintiff" was irrelevant. Plaintiff finds this extremly
9. difficult to believe this is not relevant when so much of the
10. Defendants position in finding Plaintiff guilty of OIC #402605
11. was based on the things Jamal Harris and Jesus Echavarria said to
12. them. Fed R. of Evidence Rule 402 " evidence that is otherwise
13.     Relevant and admissible does not become irrelevant and inadmissible
14.     merely because the party against whom it is offered
15.     Stipulates to the consequential fact it is offered to prove. 7 In order
16.     to exclude the evidence, its opponent must point to some Rule,
17.     privilege or statue that justifies exclusion."
18.
19. Defendants are clearly wasting this Court's and Plaintiff's time.
20.
21.     i) Defendants fail to produce evidence base on
22.        Confidentiality and Priviledge
23.
24.        All the Defendants claim that Plaintiff's Request were confidential
25. or Priviledge. However prison officials cannot avoid discovery of Relevant
26. information merely by claiming it is "confidential or Priviledge." See
27. Beach v. City of Olathe, Kansas, 203 F.R.D. 489 (D. Kan. 2001)
28.        (Page 3 of 5)

2 Claiming any information that is "Privileged or Confidential" that party
3 would have the burden of proving why that information is privileged or
4 confidential.

6       E) Defendants fail to produce evidence base on evidence
7       being "overly broad and unduly burdensome".

9       This lawsuit is about five years in the making so of course
10 it's going to take some real effort to acquire. Even when defendants
11 can show that producing the requested information would be very
12 expensive and difficult, courts generally have not let that be the reason
13 for allowing a party to not produce evidence. See Alexander v. Rizzo,
14 50 F.R.D. 374 (E.D. Pa. 1970) in this case the court ordered a
15 police department to compile information requested by plaintiffs in a
16 Section 1983 suit even though the police claimed it would require
17 "Hundreds of employees to spend many years of man hours" The
18 burden and expense involved was not "undue" because the information
19 was essential to the suit and could not be obtained any other way.
20 In for that reason defendants should be ordered to provide all
21 information they claim is "overly broad and unduly burdensome".

23       F) Conclusion

25       For the reasons stated above, Plaintiff asks for this
26 Court's indulgence while reminding it that he continues to operate
27 at all times under Hughes v. Rowe, 449 U.S 5, 9, (1980)
28           (Page 4 of 5)

1 "Allegations of pro se litigants are held to a less stringent standards
2 than formal pleadings drafted by lawyers"
3
4          Respectfully submitted,
5
6          x Michael McNeil         12-14-21

### Order

IT IS ORDERED that ECF No. 56 is DENIED without prejudice. Plaintiff must meet and confer with Defendants before filing discovery motions. If, after the parties meet and confer, they cannot resolve the issues raised in this motion, Plaintiff may refile the motion with the meet-and-confer-certificate required by the Local Rules. Additionally, if Plaintiff refiles his motion, he must include a copy of the text of each request he is moving to compel a further response to, a copy of the defendant's objection, and an explanation as to why he is entitled to the discovery.

IT IS SO ORDERED
DATED: 12:06 pm, December 16, 2021

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE

16          Certificate of Service
17
18  I Michael McNeil, hereby certify that I EFile a true
19 and correct copy of the forgoing to: Alexander J. Smith
20 555 E. Washington Ave. Ste #3900 Lv. NV 89101
21
22
23          x Michael McNeil        12-14-21
24
25
26
27
28          (Page 5 of 5)