UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MICHAEL MCNEIL,<br><br>                  Plaintiff,<br><br>         v.<br><br>DAVE MOLNAR, *et al.*,<br><br>                  Defendants. | Case No. 18-cv-01594-RFB-BNW<br><br>**ORDER** |

### I.     INTRODUCTION

Before the Court is Defendant's Motion for Summary Judgement; Plaintiff's Ex Parte Request for Ruling; and Plaintiff's Motion for Summary Judgement. ECF Nos. 106, 120, 123.

### II.    FACTUAL BACKGROUND

Plaintiff Michael McNeil is a pro se party currently incarcerated within the Nevada Department of Corrections and currently housed at the Ely State Prison. Mr. McNeil alleges that the Defendants violated his civil rights during a disciplinary hearing.

#### A.  Undisputed Facts

The Court finds the following facts to be undisputed. In January of 2016, Michael McNeil was housed in Southern Desert Correctional Center ("SDCC"). Around this time, Nevada Department of Corrections staff conducted an investigation involving various contraband. Mr. McNeil was identified through this investigation. On January 20, 2016, Mr. McNeil received a Notice of Charges which included eight major violations including bribery, escape, and extortion. ECF No. 106; Exhibit E. A disciplinary hearing took place the following day. Mr. McNeil was found guilty on all charges. He was sanctioned and ordered to serve 24-months of disciplinary

segregation, restitution, a stat-referral, loss of visitation for one year and no-contact visitation for one year.

### B. Disputed Facts

The parties dispute the events surrounding the disciplinary hearing. Plaintiff asserts that Defendant Molnar intentionally withheld evidence that Plaintiff could have made use of at his disciplinary hearing. He also asserts that Defendants failed to allow Plaintiff to call witnesses whom he requested to testify on his behalf. Defendants argue that they provided Plaintiff the opportunity to introduce evidence and state his version of events.

## III.  DISCUSSION

### A. Legal Standard

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). When considering the propriety of summary judgment, the court views all facts and draws all inferences in the light most favorable to the non-moving party. Gonzalez v. City of Anaheim, 747 F.3d 789, 793 (9th Cir. 2014). If the movant has carried its burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts .... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (internal quotation marks omitted). It is improper for the Court to resolve genuine factual disputes or make credibility determinations at the summary judgment stage. Zetwick v. County of Yolo, 850 F.3d 436, 441 (9th Cir. 2017) (citations omitted).

The Defendant argues that there is no liberty interest here; due process was served; Defendants are entitled to qualified immunity; and summary judgment should be granted. Each issue is addressed, in turn.

///

### B. Liberty Interest

The Supreme Court has determined that there are certain atypical circumstances which can provide an incarcerated person with a liberty interest which is protected by the Due Process Clause, such as those which impose an atypical and significant hardship. See Sandin v. Conner, 515 U.S. 472. In Johnson, the Ninth Circuit provided guidance regarding whether an incarcerated individual's circumstances were atypical and significant, thus, creating a liberty interest in avoiding those conditions of confinement. Johnson v. Ryan, 55 F.4th 1167 (9th Cir. 2022). These factors include: (1) whether the challenged conditions mirrored those conditions imposed upon inmates in administrative segregation and protective custody, and, thus, comported with the prison's discretionary authority; (2) the duration of the conditions and the degree of restraint imposed; and (3) whether the state's action will invariably affect the duration of the prisoner's sentence. See id. at 1195 (quoting Ramirez v. Galaza, 334 F.3d 850, 861 (9th Cir. 2003)) (citing Sandin v. Conner, 515 U.S. at 486-87 (quotations omitted).

The Court finds that Plaintiff has established a liberty interest in relation to the sanction imposed at Plaintiff's disciplinary hearing. The case of Brown v. Or. Dep't of Corr., 751 F.3d 983 (9th Cir. 2014), is persuasive here. In Brown, the incarcerated plaintiff was subject to 27-months in an Intensive Management Unit due to a possession of a weapon. Id. at 984-85. During this period, the plaintiff was held in solitary confinement for more than 23-hours per day; permitted two non-contact visits per month with a maximum of two visitors in a six-month period; and denied access to other privileges like use of the prion and law libraries. Id. The plaintiff's sanctions were not subject to review. Id. at 985. The Ninth Circuit found these conditions "imposed an atypical and significant hardship under any plausible baseline." Id. at 988. The Court noted that these conditions might apply to most solitary-confinement facilities, but the crucial factor distinguishing this case was the duration of confinement. See id. The plaintiff was given a fixed and irreducible period of confinement of 27-months. Accordingly, the Circuit held that "a lengthy confinement without meaningful review may constitute atypical and significant hardship" creating a liberty interest. Id. at 989-90.

Here, Mr. McNeil's sanctions included 24-months of disciplinary segregation during which

time he was confined for about 23-hours per day. His punishment prevented him from engaging with others throughout the prison; prevented visitation for one year; and limited visitation to no-contact visits for one additional year; among other penalties. Additionally, there was no opportunity for review of Mr. McNeil's conditions throughout his punishment. The Court finds that Mr. McNeil's conditions were atypical and significant providing him with a liberty interest in avoiding these conditions. Id.

### C. Due Process

Inmates' due process rights in disciplinary hearings are governed by Wolff v. McDonnell, 418 U.S. 539 (1974). Among other requirements, Wolff requires that an incarcerated individual facing a disciplinary hearing be provided written notice of the charges and the ability to call witnesses and present documentary evidence in his defense. Id. at 564-66. Wolff's requirement that an inmate be allowed to present evidence in his defense means that the inmate "must also have the right to access evidence that he might use in preparing or presenting his defense." Melnik v. Dzurenda, 14 F.4th 981, 986 (9th Cir. 2021).

The Court finds that there are genuine issues of disputed fact as to the process that Mr. McNeil received and that this Court therefore must deny the Defendant's motion for summary judgment.

The Defendant argues that even if there was a liberty interest, Mr. McNeil received adequate due process. First, the Court finds that there are genuine issues of disputed fact as to whether McNeil was provided an actual opportunity to call witnesses as required. Wolff v. McDonnell, 418 U.S. 539, 566 (1974) (An "inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals."); see Brown v. Or. Dep't of Corr., 751 F.3d 983, 987 (9th Cir. 2014) ("Prisoners are entitled to certain due process protections when subject to disciplinary sanctions.") (citing Wolff, 418 U.S. at 539.); see also Ashker v. Newsom, 81 F.4th 863, 878 (9th Cir. 2023) ("Among other requirements, Wolff requires that an inmate facing a disciplinary hearing be provided written notice of the charges and the ability to call witnesses and present documentary evidence in his defense.").

The Court finds that there are two factual disputes regarding the presentation of witnesses that necessitate the denial of summary judgement. First, the parties dispute the adequacy of Plaintiff's right to present witnesses when the one particular witness was questioned outside of Mr. McNeil's presence. Applying the reasoning and principle of Wolff, the Court finds that a witness who is called but is not asked questions that the Plaintiff would want asked is effectively the same as him not being able to present his own evidence. 418 U.S. at 566. Second, there is a clear dispute about whether Mr. McNeil asked to call other witnesses and was denied his right to do so. Summary judgement is therefore denied as to both parties' motions.

### D. Qualified Immunity

"The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Pearson v. Callahan, 555 U.S. 223, 231 (2009). Qualified immunity is an immunity from suit rather than a defense to liability, and "ensures that officers are on notice their conduct is unlawful before being subjected to suit." Tarabochia v. Adkins, 766 F.3d 1115, 1121 (9th Cir. 2014). In deciding whether officers are entitled to qualified immunity, courts consider, taking the facts in the light most favorable to the non-moving party, whether (1) the facts show that the officer's conduct violated a constitutional right, and (2) if so, whether that right was clearly established at the time. Id. Summary judgment must be denied where a genuine issue of material fact exists that prevents a finding of qualified immunity. Sandoval v. Las Vegas Metro. Police Dep't, 756 F.3d 1154, 1160 (9th Cir. 2014).

i. Violation of a Constitutional Right

There is a genuine issue of a material fact regarding the availability of witnesses at Mr. McNeil's hearing. Accepting the non-moving party's version of events, Mr. McNeil was not permitted to call and question witnesses, as was his right, at his administrative hearing. See Brown, 751 F.3d at 987. The inability to call a witness during a disciplinary hearing is a violation of his constitutional right of due process.

///

///

          ii.   Clearly Established Right

Under the second part of the qualified immunity test, courts "consider whether a reasonable officer would have had fair notice that the action was unlawful." Tarabochia v. Adkins, 766 F.3d 1115, 1125 (9th Cir. 2014). (internal quotation marks omitted). "This requires two separate determinations: (1) whether the law governing the conduct at issue was clearly established and (2) whether the facts as alleged could support a reasonable belief that the conduct in question conformed to the established law." Green v. City & County of San Francisco, 751 F.3d 1039, 1052 (9th Cir. 2014). A government official's conduct "violates clearly established law when, at the time of the challenged conduct, '[t]he contours of [a] right [are] sufficiently clear' that every 'reasonable official would have understood that what he is doing violates that right.'" Ashcroft v. al-Kidd, 563 U.S. 731, 741 (2011) (quoting Anderson v. Creighton, 483 U.S. 635, 640 (1987)). While a case directly on point is not required for a right to be clearly established, "existing precedent must have placed the statutory or constitutional question beyond debate." Id. Courts "consider whether a reasonable officer would have had fair notice that [the action] was unlawful[.]" Tarabochia, 766 F.3d at 1125 (9th Cir. 2014).

Additionally, the law was clearly established at the time of McNeil's disciplinary hearing that he was entitled to due process, including being able to call his own witnesses. First, Brown case clearly established the law governing the proper process required to impose significant administrative sanctions through a disciplinary hearing. 751 F.3d at 983. Second, it was clearly established that Mr. McNeil had a due process right to call his own witnesses. Wilhelm v. Rotman, 680 F.3d 1113, 1116 (9th Cir. 2012); Wolff, 418 U.S. at 563-71 (1974) (setting forth due process requirements in prison disciplinary proceedings, including a prisoner's right to call witnesses and present documentary evidence in their own defense). Consequently, the defendants are not entitled to qualified immunity. Moreover, there is a genuine issue of a material fact that prevents the finding of qualified immunity, so summary judgment must be denied.

///

///

///

### IV. CONCLUSION

**IT IS THEREFORE ORDERED** that the [106] Defendant's Motion for Summary Judgement is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that the [120] Ex Parte Request for Ruling by the Plaintiff is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that the [123] Plaintiff's Motion for Summary Judgement is **DENIED** without prejudice.

**DATED:** March 28, 2024

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**